EL PUEBLO de PUERTO RICO, recurrido, *v.* RAFAEL NADAL MEJÍAS, recurrente.

*Número:* AC-94-348          *Resuelto:* 9 de noviembre de 1994

*Héctor Aníbal Castro-Pérez*, abogado de la parte recurrente; *Jaime L. Zambrana Grana*, abogado de El Pueblo.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

Debemos resolver si al amparo de la Regla 186 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, es válida una sentencia dictada por un juez distinto a quien presidió el juicio y emitió el fallo de culpabilidad. Respondemos en la afirmativa.

I

El Sr. Rafael Nadal Mejías fue acusado por violación al Art. 87 del Código Penal, 33 L.P.R.A. sec. 4006 —imprudencia crasa o temeraria al conducir vehículos de motor— como consecuencia de un accidente automovilístico en el cual perecieron cuatro (4) personas. El 28 de diciembre de 1993, el señor Nadal Mejías hizo alegación de culpabilidad por los delitos imputados frente a un juez que lo declaró culpable. El acto de imposición de la sentencia fue celebrado frente a un juez distinto a quien lo declarara culpable, el cual lo sentenció a una pena de reclusión de seis años para cada uno de los cargos. Dicho juez dispuso, también, la suspensión de los efectos de la sentencia, así como ciertas condiciones especiales.

Cinco (5) días después de haberse dictado la sentencia, el Ministerio Público presentó una moción de reconsideración para solicitar que se dejara sin efecto la sentencia impuesta por el fundamento de que ésta no era válida por no haber sido dictada por el mismo juez que presidió el proceso y emitió el fallo. El tribunal acogió el planteamiento del Ministerio Público, razón por la cual dejó sin efecto la sentencia impuesta y refirió el asunto a la atención del juez que presidió el proceso.

Ante esta situación, el acusado solicitó la restitución de la sentencia dictada originalmente, solicitud que fue

denegada. Finalmente, el juez que presidió el proceso señaló la vista para la imposición de la sentencia, en la cual condenó al acusado a cumplir una pena de seis (6) años de cárcel por cada cargo, a ser cumplida concurrentemente, y dispuso que el convicto debería cumplir un término de seis (6) meses en prisión, y el resto lo cumpliría bajo el régimen de sentencia suspendida. Luego de varios trámites procesales,[1] el convicto presentó ante nos un escrito de apelación —el cual acogimos como solicitud de *certiorari*— que cuestiona la determinación del tribunal sentenciador de dejar sin efecto la sentencia impuesta originalmente. Concedimos término al Procurador General para que mostrara causa por la cual no debíamos restablecer dicha sentencia. Éste ha comparecido, y estando en posición de resolver, así procedemos a hacerlo sin ulteriores procedimientos.

## II

La controversia presentada ante nos versa sobre la validez de una sentencia dictada por un juez distinto a quien emitió el fallo de culpabilidad. La disposición aplicable a dicha situación es la Regla 186 de Procedimiento Criminal, *supra*, la cual provee para la sustitución de un juez en caso de que éste se viera impedido de continuar o concluir un procedimiento judicial. Dicha regla dispone dos (2) momentos en los cuales podría suscitarse la sustitución: durante el juicio y después del veredicto o fallo de culpabilidad. En general, la regla expone, como razones que inhabilitan a un juez para cumplir con sus funciones, las siguientes: muerte, enfermedad, haber cesado en el cargo u "otra inhabilidad". También establece el requisito de "familiarización" con el expediente del caso; esto en caso

---

[1] El convicto presentó una moción bajo la Regla 192.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, para solicitar una vista y su excarcelación. Dicha moción fue denegada. Presentó un recurso de habeas corpus, que también fue denegado.

de que el juez se inhabilite durante el juicio. Regla 186(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

Hasta el momento no hemos tenido la oportunidad de expresarnos sobre la aplicación de la citada Regla 186 de Procedimiento Criminal a situaciones como la de autos, en las cuales el juez que impone la sentencia es distinto a quien emitió el fallo. Únicamente nos arroja luz el examen a la Exposición de Motivos de la Ley Núm. 145 de 23 de julio de 1974, Leyes de Puerto Rico, pág. 712, la cual enmendó la Regla 186 de Procedimiento Criminal, *supra*, para permitir la sustitución del juez en la etapa anterior al veredicto y establecer el proceso que ha de seguirse para la sustitución. A esos efectos, se estableció que debido a que la regla era limitativa y no proveía para los casos en que el juez se inhabilitara *durante* el juicio, era necesario "ampliar el ámbito de la regla para permitir la sustitución en etapas previas al veredicto o fallo y delinear claramente el procedimiento a seguirse". Exposición de Motivos de la Ley Núm. 145 de 23 de julio de 1974, Leyes de Puerto Rico, pág. 713. Surge, con meridiana claridad, que el legislador quiso ampliar el ámbito de aplicación de la regla para permitir la sustitución no sólo para los procedimientos posteriores al juicio, sino incluso para continuar con un juicio ya comenzado por otro juez. Esta enmienda demuestra la flexibilidad que el legislador le quiso impartir a la regla, de manera que se pueda utilizar en cualquier etapa de los procedimientos.([2])

▮▮▮▮ Nuestra Regla 186, *supra*, proviene de la Regla 25 de Procedimiento Criminal federal, 18 U.S.C. En la jurisdicción federal, la Regla 25 de Procedimiento Criminal,

---

([2]) Una enmienda similar se le hizo a la Regla 25 de Procedimiento Criminal federal, 18 U.S.C., de donde proviene nuestra Regla 186 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Dicha enmienda se recomendó debido al problema existente creado por el gran número de procedimientos criminales que se extendían demasiado, razón por la cuál había mayor probabilidad de que el juez que comenzaba a presidir el proceso no pudiera concluirlo. De esta manera no se tenía que comenzar un nuevo juicio. *Moore's Federal Practice* págs. 294–295 (1994).

*supra*, ha sido objeto de discusión en cuanto a su ámbito de aplicación. En general, las cortes apelativas federales se han negado a elevar al rango de derecho constitucional el derecho de un acusado a ser sentenciado por el mismo juez que presidió el proceso y dictó el fallo. 8A *Moore's Federal Practice* Sec. 25.04(3) (1994). Por ejemplo, en *U.S. v. Whitfield*, 874 F.2d 591 (8vo Cir. 1989), el tribunal de apelaciones expresó que reasignar un caso al amparo de lo dispuesto por la Regla 25 de Procedimiento Criminal federal, *supra*, no constituye una violación al derecho del acusado a ser procesado con el debido procedimiento de ley.[3] En *U.S. v. Whitfield*, supra, se indicó que el juez sustituto sólo debe familiarizarse con la evidencia y las controversias legales involucradas, y ejercer su discreción sobre si puede o no dictar sentencia. La discreción que ejercerá el juez sentenciador es amplia.[4] Por eso, el criterio que debe utilizarse para determinar la propiedad de la sentencia impuesta por un juez distinto al que presidió el proceso y emitió el fallo debe ser la familiaridad del juez sentenciador con el expediente y si incurrió o no en abuso de discreción al imponer la sentencia. *U.S. v. Whitfield*, supra. Véase, además, *United States v. Spinney*, 795 F.2d 1410 (9no Cir. 1986). Estos requisitos deben atemperarse de acuerdo con la complejidad del caso. En casos relativamente simples será suficiente que el juez sentenciador adquiera cierta familiaridad, mientras que en casos más complejos podría ser esencial que el juez estudie la totalidad de la prueba antes de imponer la sentencia. *United States v. Spinney*, supra; *United States v. Bowser*, 497 F.2d 1017 (4to Cir. 1974).

Claro está, un juez debe ser sustituido únicamente si concurren las razones que dispone la regla para

---

[3] Véase, también, *United States Ex Rel. Fields v. Fitzpatrick*, 548 F.2d 105 (3er Cir. 1977).

[4] Véanse, también: *U.S. v. Slow Bear*, 943 F.2d 836 (8vo Cir. 1991); *United States v. Rosales-López*, 617 F.2d 1349 (9no Cir. 1980); *United States v. Phillips*, 540 F.2d 319 (8vo Cir. 1976).

declarar a un juez inhábil: muerte, enfermedad, haber cesado en el cargo u otra inhabilidad que no le permita concluir un procedimiento. Se ha interpretado, también, que cuando se solicita la descalificación de un juez que ha comenzado a presidir un procedimiento, o cuando se traslada a otro distrito, se puede utilizar el remedio establecido por la Regla 25 de Procedimiento Criminal federal, *supra*. *United States v. Spinney*, supra; *United States v. Sartori*, 730 F.2d 973 (4to Cir. 1984).

■ Por considerarla apropiada y que contribuye a flexibilizar el proceso, adoptamos la interpretación federal de la Regla 25 de Procedimiento Criminal federal, *supra*, que permite la sustitución de un juez durante el juicio o luego de rendir el veredicto, y la aplicamos a la situación de autos.

## III

En este caso, el peticionario fue declarado culpable por un juez ante el cual hizo alegación de culpabilidad. Sin embargo, y debido a que dicho juez fue trasladado de sala, otro juez le impuso la sentencia. Este último tuvo ante sí el informe presentencia y demostró haberse familiarizado con el expediente del caso. No encontramos que hubiese abusado de su discreción al imponer la sentencia. Ésta fue impuesta dentro de los límites establecidos para la pena por el delito imputado, además de ser de aplicación para esta situación las disposiciones sobre la suspensión del efecto de las sentencias según establecido en el Art. 2 de la Ley Núm. 259 de 3 de abril de 1946, según enmendada, 34 L.P.R.A. sec. 1027. Tomamos también en consideración el grado de complejidad del caso, el cual consideramos que no es muy complejo. Ante estas circunstancias, concluimos

que la sentencia dictada originalmente era válida y debe ser restablecida.([5])

Por los fundamentos antes expuestos, *se expide el auto solicitado, se dictará sentencia para revocar la resolución del tribunal de instancia y se ordenará el restablecimiento de la sentencia original que condenó al acusado a cumplir una pena de seis (6) años por cada uno de los cargos imputados bajo el régimen de sentencia suspendida.*

El Juez Asociado Señor Rebollo López emitió una opinión disidente. Los Jueces Asociados Señores Negrón García y Fuster Berlingeri disintieron sin opinión escrita.

— O —

Opinión disidente emitida por el Juez Asociado Señor Rebollo López.

Los integrantes de este Tribunal, al interpretar y aplicar a unos hechos en particular las disposiciones de las Reglas de Procedimiento Criminal vigentes en nuestra jurisdicción, tienen que estar *siempre* conscientes del hecho de que dichas disposiciones reglamentarias, *en su origen,* fueron el producto de la intensa labor de un grupo de profesionales, *designados por el Tribunal, de gran experiencia en la práctica de la profesión en el ámbito de lo penal.*

Esto es, en adición al expreso historial legislativo con que algunas de esas disposiciones reglamentarias pueda contar, *en todas ellas está inmersa la experiencia viva de ese esforzado grupo de profesionales*; situación que el Tribunal *no* puede ignorar. *Dicho de otra forma,* y de la manera más sencilla, *la interpretación que de las Reglas de*

---

([5]) Aclaramos que, sostenida la validez de la primera sentencia, tampoco procedía la corrección ni su modificación, según dispone la Regla 185 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, la cual permite la corrección de una sentencia, incluso para aumentarla si ésta fuese inválida o ilegal. *Pueblo v. Camacho Pérez,* 102 D.P.R. 129 (1974).

*Procedimiento Criminal hagamos no puede limitarse a un ejercicio teórico en el vacío*; hay que escudriñar las mismas con el propósito de descubrir, y poder aplicar a los hechos del caso particular ante nuestra consideración, ese cúmulo de *experiencia práctica* contenido en dichas disposiciones reglamentarias.

Por otro lado, al importar a nuestra jurisdicción jurisprudencia de otros foros —como excepción a la "norma de derecho patrio" que, *en ocasiones*, aplica este Tribunal desde que el "fundador" de la misma, el ex Juez José Trías Monge, acomoditiciamente la aplicara por vez primera hace algunos años— se debe de tener el cuidado de identificar las posibles circunstancias específicas, y diferencias, existentes en esos otros foros que causaron que dichos precedentes allí fueran establecidos; *circunstancias y diferencias que posiblemente hagan inaplicable dicha jurisprudencia en nuestra jurisdicción.*

La decisión que hoy emite una mayoría de los integrantes del Tribunal en el presente caso *es una ciertamente errónea. En primer lugar*, la mayoría hace caso omiso de la expresa terminología en que está concebida la disposición reglamentaria en controversia, haciendo una interpretación que, como veremos, desnaturaliza la misma. *En segundo término*, el principal fundamento aducido en apoyo de la decisión emitida por la mayoría —esto es, jurisprudencia proveniente del foro federal— resulta ser erróneo debido a que dicha jurisprudencia, por razón de circunstancias diferentes existentes entre las dos (2) jurisdicciones, *no* es compatible con nuestro ordenamiento y realidad jurídica. *En tercer lugar*, la mayoría no toma en consideración —quizás por falta de experiencia— unas *consideraciones de índole práctico* que los propulsores originales de las Reglas de Procedimiento Criminal *obviamente* tuvieron en mente al proponer el establecimiento de las mismas; consideraciones que, repetimos, están inmersas en dichas disposiciones.

I

Establece la Regla 186 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, que:

### REGLA 186. INHABILIDAD DEL JUEZ

(a) *Durante el juicio.* Si después de comenzado el juicio, y antes del veredicto o fallo, el juez ante quien fuera juzgado el acusado estuviere impedido de continuar con el juicio *por razón de muerte, enfermedad u otra inhabilidad o por haber cesado en el cargo*, cualquier otro juez de igual categoría en funciones o asignado al tribunal podrá desempeñar dichos deberes, *siempre y cuando* certifique, dentro de un tiempo razonable a partir de su nombramiento, que se ha familiarizado con el expediente y récord del caso.

(b) *Después del veredicto o fallo de culpabilidad.* Si por razón *de haber cesado en el cargo, muerte, enfermedad u otra inhabilidad*, el juez ante quien fuera juzgado el acusado estuviere impedido de desempeñar los deberes del tribunal después del veredicto o fallo de culpabilidad, cualquier otro juez en funciones o asignado al tribunal podrá desempeñar dichos deberes.

(c) *Casos por jurado y tribunal de derecho.* La sustitución a que se refiere el inciso (a) de esta regla, sólo podrá ser efectuada en aquellos casos que se estuvieren ventilando ante jurado. Por estipulación de las partes, podrá haber sustitución de juez antes de mediar fallo, en aquellos casos que se estén ventilando por tribunal de derecho.

(d) *Nombramiento de juez sustituto.* El juez sustituto deberá ser nombrado por el juez administrador del tribunal al cual pertenecía el primer juez, o en su defecto por el Juez Presidente del Tribunal Supremo de Puerto Rico, dentro de dos (2) días de recibir notificación de inhabilidad del juez.

(e) *Autoridad del juez sustituto.* El juez sustituto mantendrá el mismo poder, autoridad y jurisdicción en el caso como si hubiese comenzado ante él mismo.

(f) *Deber del secretario.* En aquellos tribunales en donde hay asignado un solo juez, el secretario del tribunal, inmediatamente que conociere de la inhabilidad del juez deberá:

(1) Notificar inmediatamente al Administrador de los Tribunales, y al Juez Presidente del Tribunal Supremo.

(2) Citar a las partes para un señalamiento que en ningún caso podrá ser menor de 10 días ni mayor de 15 días.

(g) *Nuevo juicio.*

(1) Si el juez sustituto quedare convencido de que no puede continuar desempeñando los deberes del anterior juez podrá discrecionalmente conceder un nuevo juicio.

(2) La imposibilidad no atribuible al acusado, de cumplir con los trámites dispuestos en esta regla, sería motivo para conceder un nuevo juicio. (Énfasis suplido.)

Como podemos notar, y como correctamente se señala en la opinión mayoritaria, la transcrita Regla 186 de Procedimiento Criminal contempla *dos* (2) *etapas* del proceso criminal en las cuales puede darse la *sustitución* del juez, *a saber*: durante el juicio propiamente y después de emitido o rendido el fallo o veredicto de culpabilidad. Resulta, igualmente, obvio que la citada disposición reglamentaria establece *cuándo*, o en qué situaciones, podrá darse la sustitución, esto es: en caso de *muerte* del juez; *cesación* de éste en el cargo; *enfermedad*, la cual, obviamente, deberá ser de carácter seria y prolongada, "u otra inhabilidad". *La razón para la existencia de esta cuarta alternativa resulta ser obvia.* El legislador, al enumerar, casi nunca puede ser taxativo. Esto es, al enumerar, siempre se tiende a insertar una "cláusula o válvula de escape". La razón para ello es obvia: dicha situación le concede a los funcionarios, encargados de *aplicar* o *interpretar* las leyes, *cierta flexibilidad*, la cual le permite a éstos hacer cumplida justicia en relación con variadas y diferentes situaciones de hecho.

La existencia de esta "cláusula de escape", o *numerus apertus, no* significa, *sin embargo*, que el foro judicial tenga autoridad o facultad para interpretar la citada Regla 186 de Procedimiento Criminal de manera *tan y tan laxa* que haga que la disposición reglamentaria en controversia *pierda su razón de ser o se desnaturalice la misma.* Procede, entonces, que nos cuestionemos: *¿qué significa, realmente, la frase "u otra inhabilidad"? ¿A qué otras situaciones se referían los originadores de dichas Reglas, y el legislador, al así establecerlo?*

La contestación resulta ser, *sorprendentemente*, sencilla:

obviamente tiene que ser "otra inhabilidad" *de la misma naturaleza y seriedad* de las efectivamente enumeradas por el legislador en la referida Regla; *esto es, de la "naturaleza final" de la muerte, o de la cesación en el cargo, del juez*. Dicho de otra forma, y de manera sencilla, *nos parece obvio que la "otra inhabilidad" no puede referirse a un simple y mero traslado de Sala de que sea objeto el miembro de la Judicatura en controversia*; traslado que *no* lo incapacita de forma alguna para poder seguir atendiendo el asunto, ya sea en la Sala original o en la nueva Sala a la que fuera asignado.

## II

En la opinión mayoritaria se aduce —en apoyo de su *errónea* determinación de que el *mero traslado* de un juez de una sala a otra puede dar lugar a la "sustitución" del mismo por otro juez— *que en la jurisdicción federal ello así se ha decidido*. Pierde de vista la mayoría de los integrantes del Tribunal que en la jurisdicción federal ello se ha justificado desde un punto de vista estrictamente económico; ello por razón de las grandes distancias que separan, dentro de un mismo Circuito de Apelaciones, a unas sedes de otra. El mejor ejemplo de lo antes expresado lo constituye, precisamente, el Tribunal de Apelaciones de Estados Unidos para el Primer Circuito; el cual tiene jurisdicción sobre Puerto Rico. En muchas ocasiones, jueces visitantes de los estados de Maine, Rhode Island, New Hampshire y Massachussets actúan en Puerto Rico por un período de tiempo limitado, durante el cual intervienen en varios casos, regresando luego a sus estados de origen. Por razones puramente de índole económico, se ha resuelto que *no* se justifica traer a esos jueces, por el gasto que ello conlleva, para que, digamos, sentencien a un solo acusado. En con-

secuencia, dichos foros federales han optado por permitir la sustitución de dichos jueces en esas situaciones.

Esa *no* es la situación en Puerto Rico. Aquí —*Isla de "cien por treinta y cinco"*— las distancias *no* son largas *ni* el traslado de un juez, de un distrito judicial a otro, conlleva erogaciones excesivas de fondos públicos. *No hay razón alguna para aplicar en nuestra jurisdicción una jurisprudencia foránea que no tiene otra justificación que no sea una económica.*

Esto es, el día que este Tribunal mida, y dispense, la justicia en nuestro País *exclusivamente* a base de consideraciones de dólares y centavos, *será el día más trágico en nuestra historia judicial.*

## III

Por último, existe una *realidad* que *no* podemos "tapar con las manos". Resulta ser *innegable* que uno de los *factores* que tanto el imputado de delito, como su representación legal, toman en consideración a la hora de decidir, digamos, si el acusado se declara, o no, culpable de los hechos delictivos que se le imputan, o si el acusado deberá ser juzgado por tribunal de derecho o por jurado, *lo es precisamente quién es el magistrado que preside la sala en esos momentos.* Es una *cuestión práctica* a la cual no le podemos dar la espalda. Es una *realidad innegable* que hay jueces que, de ordinario y en circunstancias similares, imponen sentencias más fuertes; hay otros jueces que, en relación con la concesión de sentencias suspendidas, son más liberales que otros; etc. *No* se trata, *advertimos*, de que se le permita al acusado el indeseable "judge shopping". *Es, repetimos, una realidad que existe y que no podemos negar de que no todos los jueces piensan de la misma manera ni todos actúan de igual forma.* Ello lo sabe

todo abogado con alguna experiencia en la práctica de lo criminal.

Esa situación, no tenemos duda, fue contemplada por los "originadores" de las Reglas de Procedimiento Criminal. Precisamente debido a ello es que *únicamente* se permite la sustitución de los jueces *en situaciones extremas de inhabilidad*; esto es, en casos de muerte, cesación en el cargo, etc. *No* debemos, nosotros, darle la espalda a esa realidad y *enmendar judicialmente* la disposición reglamentaria aquí en controversia para permitir la ocurrencia de una situación que obviamente no fue contemplada al originalmente establecerse la citada Regla 186 de Procedimiento Criminal. *Realmente no hay razón, ni necesidad, para así hacerlo.*