UNITED STATES of America, Appellee,

v.

James Edward WHITFIELD, Appellant.

No. 88–5331.

United States Court of Appeals,
Eighth Circuit.

Submitted April 10, 1989.

Decided May 17, 1989.

Rehearing Denied June 28, 1989.

George H. Smith, Minneapolis, Minn., for appellant.

Lynn A. Zentner, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before FAGG, FLOYD R. GIBSON, and TIMBERS,* Circuit Judges.

TIMBERS, Circuit Judge:

James Edward Whitfield (appellant) appeals from a judgment of conviction and sentence entered July 27, 1988 in the District of Minnesota upon a jury verdict of guilty of bank robbery in violation of 18 U.S.C. § 2113(a) (1982 & Supp. V 1987). We affirm.

## I.

Appellant was charged on January 27, 1988 in a one-count indictment with the robbery on December 23, 1987 of First Minnesota Savings Bank located in Minneapolis, Minnesota. On May 4, 1988, after a two day jury trial before Paul A. Magnuson, *District Judge*, the jury returned a verdict of guilty. Appellant's case thereafter was reassigned for sentencing to Edward J. Devitt, *District Judge*, in the absence of Judge Magnuson due to his extended illness. On July 25, 1988, Judge Devitt denied a motion by appellant to delay sentencing until Judge Magnuson's recovery. He sentenced appellant to a term of 20 years imprisonment and 5 years of supervised release. He ordered appellant to pay a $50 special assessment.

On appeal, appellant claims that there was insufficient evidence to support his conviction; that he was improperly sentenced by a judge other than the one who had presided at his trial; and that the Federal Sentencing Guidelines, under which he was sentenced, violate the doctrine of separation of powers and constitute an unconstitutional delegation of legislative authority. Finding no merit in any of appellant's claims, we affirm.

■ The evidence introduced at trial consisted of eyewitness identification, scientific evidence, circumstantial evidence, and appellant's admissions. The bank teller who handed the robber the money made an in-court identification of appellant as the robber. She also identified appellant in a

surveillance photograph taken by the bank's overhead camera as the robber left the bank and in two photographs taken by a video camera located behind the teller's head which showed the robber as he faced her. Relatives and acquaintances of appellant also identified appellant as the individual shown in these photographs. There was expert testimony that the handwriting and fingerprints found on the demand note given to the bank teller during the robbery were those of appellant. There were introduced various items of clothing linked to the robber which were seized from appellant's car and from an apartment occasionally used by appellant as a residence. There also was testimony that appellant had made pre-trial admissions of guilt and had given a detailed accounting of the robbery which was consistent with the other evidence.

## II.

In reviewing a sufficiency of the evidence claim, we must view the evidence in the light most favorable to the government, *United States v. Resnick*, 745 F.2d 1179, 1185–86 (8th Cir.1984), and must draw from the facts all reasonable inferences in favor of the government. *United States v. Robinson*, 782 F.2d 128, 129 (8th Cir.1986). It is clear from the above summary that there was more than sufficient evidence for the jury to find appellant guilty beyond a reasonable doubt.

## III.

■ Appellant also claims that his motion to delay sentencing until Judge Magnuson's recovery was improperly denied since appellant was prejudiced by being sentenced by a judge who had not presided at the trial and who did not have a trial transcript available to him. Fed.R.Crim.P. 25(b) provides for substitution of a judge under the circumstances presented in the instant case:

"If by reason of absence, death, sickness or other disability the judge before whom the defendant has been tried is unable to perform the duties to be performed by

* Of the Second Circuit, sitting by designation.

the court after a verdict or finding of guilt, any other judge regularly sitting in or assigned to the court may perform those duties; but if that judge is satisfied that a judge who did not preside at the trial cannot perform those duties or that it is appropriate for any other reason, that judge may grant a new trial".

A defendant's due process rights are not infringed by the reassignment of a case pursuant to Rule 25(b) following a finding or verdict of guilt. *Connelly v. United States*, 249 F.2d 576, 579–80 (8th Cir.1957), *cert. denied*, 356 U.S. 921 (1958). A successor judge need only familiarize himself with the evidence and legal issues involved and exercise informed discretion in imposing sentence. *United States v. Rosales–Lopez*, 617 F.2d 1349, 1357 (9th Cir.1980), *aff'd on other grounds*, 451 U.S. 182 (1981); *United States v. Phillips*, 540 F.2d 319, 332 (8th Cir.), *cert. denied*, 429 U.S. 1000 (1976). Post-trial reassignment to a successor judge has been approved by us on more than one occasion. *E.g., United States v. Phillips, supra*, 540 F.2d at 332; *United States v. Bryant*, 430 F.2d 237, 241 (8th Cir.1970).

In sentencing appellant, Judge Devitt properly relied on a comprehensive presentence investigation (PSI) report which set forth the offense, the critical evidence adduced at trial and a detailed history of appellant's criminal background. *Government of Canal Zone v. O'Calagan*, 580 F.2d 161, 165 (5th Cir.) (reliance on PSI report by successor sentencing judge proper), *cert. denied*, 439 U.S. 990 (1978).

Appellant's case was not complicated. There was only one defendant; there was substantial direct evidence to establish guilt which was corroborated by appellant's admissions; and there were no issues of credibility serious enough to warrant delay in sentencing until the trial judge's recovery. *Government of Canal Zone v. O'Calagan, supra*, 580 F.2d at 165 (case's lack of complexity proper factor to be considered); *United States v. Phillips, supra*, 540 F.2d at 332 (same).

While appellant correctly points out that Judge Devitt did not have access to the trial transcript at the time of sentencing, Rule 25(b) imposes no such requirement on the sentencing judge. *United States v. Bryant, supra*, 430 F.2d at 241. The record indicates that Judge Devitt exercised informed discretion in that appellant's sentence was below the maximum permitted under the Sentencing Guidelines for a career offender and the statutory fine of up to $250,000 was not imposed. *United States v. Spinney*, 795 F.2d 1410, 1414 (9th Cir.1986); *see also United States v. Rosales–Lopez, supra*, 617 F.2d at 1357.

A successor judge is given broad discretion in determining whether he properly can perform his sentencing duties in a case upon which he did not preside at trial. *United States v. Spinney, supra*, 795 F.2d at 1413; *United States v. Bryant, supra*, 430 F.2d at 241. We hold that there was no abuse of discretion by Judge Devitt in sentencing appellant.

## IV.

Appellant further claims that his sentence under the Federal Sentencing Guidelines is invalid since the Sentencing Reform Act of 1984, Pub.L. No. 98–473, 98 Stat. 1987, and the Sentencing Guidelines promulgated thereunder, violate the doctrine of separation of powers and constitute an unconstitutional delegation of legislative authority. These precise claims recently were rejected by the Supreme Court in *Mistretta v. United States*, 109 S.Ct. 647 (1989). We reject appellant's claim for the reasons set forth in *Mistretta* and hold that his sentence was valid.

We affirm in all respects appellant's judgment of conviction and sentence.

Affirmed.