UNITED STATES of America, Appellee,

v.

Jerry SCIACCA, Sr., Appellant.

No. 88–2849.

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1989.

Decided July 18, 1989.

Scott E. Smith, Fayetteville, Ark., for appellant.

William M. Cromwell, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Before McMILLIAN and MAGILL, Circuit Judges, and HENLEY, Senior Circuit Judge.

McMILLIAN, Circuit Judge.

Jerry Sciacca, Sr. appeals from a final judgment entered in the District Court[1] for the Western District of Arkansas upon his plea of guilty to possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court sentenced appellant under the Federal Sentencing Guidelines (Guidelines) to a term of

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the West-

ern District of Arkansas.

60 months imprisonment. Appellant appeals the imposition of sentence only, arguing that the Guidelines are unconstitutional. Appellant argues that the Guidelines violate the separation of powers and the due process guarantees of the fifth amendment. For the reasons discussed below, we affirm the sentence imposed by the district court.

On November 4, 1988, the district court held a sentencing hearing. As a preliminary matter the district court held the Guidelines are constitutional. Appellant stated at the hearing that he had read the pre-sentence investigation report (report) as well as the probation officer's addendum. The addendum was a response to certain objections made by appellant to the report. The report stated that appellant's offense level should be increased by two points due to obstruction of justice. The district court offered appellant the opportunity to make statements, present evidence, or do whatever appellant felt was appropriate in regard to the allegation that he had obstructed justice. Appellant testified as to the accusations in the report. After careful consideration, the district court determined that appellant had obstructed justice and therefore raised his offense level by two points.

The district court then offered appellant the opportunity to present evidence about his role in the offense. After listening to appellant, the district court determined that appellant was a leader of an otherwise extensive criminal activity and raised his offense level by four points.

The district court finally determined appellant's offense level to be twenty-four. The applicable sentencing range was 51–63 months. Appellant's criminal history category was I. The sentence imposed, 60 months, was the statutory maximum.

Appellant's first argument, that the Guidelines violate the separation of powers, was rejected by the United States Supreme Court in *United States v. Mistretta,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

■ Appellant next argues that the overall scheme of the Guidelines violates due process by depriving sentencing judges of discretion to fashion individualized sentences. The Guidelines have reduced the discretion of district judges in sentencing. However, as this court has previously held, sufficient discretion is left to the sentencing judges. *See United States v. Brittman,* 872 F.2d 827 (8th Cir.1989) (powers retained by district judges in sentencing); *United States v. Nunley,* 873 F.2d 182 (8th Cir.1989). "In any event the Constitution does not guarantee individualized sentencing, except in capital cases." *United States v. Brittman,* 872 F.2d at 828. *See, e.g., Lockett v. Ohio,* 438 U.S. 586, 603–05, 98 S.Ct. 2954, 2964–65, 57 L.Ed.2d 973 (1978) (plurality) (capital cases).

■ Finally, we hold that the district court's application of the Guidelines to appellant did not violate due process. When a defendant alleges an inaccuracy in the information contained in the presentence investigation report, the sentencing judge must "make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R.Crim.P. 32(c)(3)(D). In the present case, the district court made such findings at the sentencing hearing. The district court specifically found that appellant had obstructed justice as set out in the presentence investigation report and that appellant was a leader of an otherwise extensive criminal activity.

■ Appellant also argues that the district court based its findings on unsubstantiated information in violation of due process. This court has held that a sentencing judge need only use informed discretion when imposing sentence. *United States v. Whitfield,* 874 F.2d 591 (8th Cir.1989). The district court may rely on the presentence investigation report. *Id.*

Due process requires that a defendant be afforded an opportunity to ensure that the information considered at a sentencing hearing is accurate and reliable. *See United States v. Romano,* 825 F.2d 725, 728 (2d Cir.1987). Appellant was afforded an adequate opportunity to challenge the informa-

tion in the report. The sentencing judge considered appellant's objections to the report and rejected them. A sentencing judge's decision to rely on the information in a pre-sentence investigation report, in spite of allegations by a defendant that it is inaccurate, is not, in and of itself, a violation of due process.

Accordingly, we affirm the judgment of the district court.