893 F.2d 400
 282 U.S.App.D.C. 193
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Dwayne E. HENRY, Appellant.
 No. 88-3129.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 11, 1990.
 
 Before MIKVA and RUTH B. GINSBURG, Circuit Judges, and SPOTTSWOOD W. ROBINSON, III, Senior Circuit Judge
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and was briefed and argued by counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 14(c). Based on the credibility determinations reported by the district court in its March 21, 1988 Order denying defendant-appellant's motion to suppress evidence, and for the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 This case presents "an increasingly familiar scenario." See United States v. Joseph, No. 88-3140, slip op. at 2 (D.C.Cir.Dec. 29, 1989). Defendant-appellant Dwayne E. Henry arrived at Amtrack's Union Station in Washington, D.C. on January 20, 1988, on the "Night Owl" train from New York. He was observed and eventually approached by veteran Metropolitan Police Department officer Sergeant John Brennan. Brennan wore plain clothes and his weapon was concealed. He was accompanied by Amtrak Inspector William Pearson. In the brief encounter preceding Henry's arrest, Sergeant Brennan identified himself as a police officer, asked to check Henry's bag, and did so after Henry slid the bag to him, turning up a box containing a large amount of white rock substance and cocaine.
 
 
 5
 Henry was indicted for violation of 21 U.S.C. Secs. 841(a) and 841(b)(1)(A)(iii). After the district court denied his motion to suppress, he entered a guilty plea, reserving his right to raise on appeal constitutional objections to his apprehension and the search of his bag, and to his sentence. Finding no tenable argument in Henry's favor, we affirm the district court's judgment.
 
 
 6
 Circuit precedent rules out Henry's fourth amendment challenge to his apprehension, the search of his bag, and the ensuing arrest. It is now settled that an individual situated as Henry was may be approached by a police officer despite the absence of grounds for suspicion. United States v. Winston, No. 89-3087, slip op. at 9-10 (D.C.Cir.Dec. 22, 1989); United States v. Baskin, 886 F.2d 383, 386-87 (D.C.Cir.1989); United States v. Lloyd, 868 F.2d 447, 451 (D.C.Cir.1988). A police officer does not "seize" a person within the meaning of the fourth amendment unless the officer conducts himself in a manner that, " 'in view of all the circumstances surrounding the incident,' " would prompt a reasonable, law-abiding person to believe she was not free to walk away. See Michigan v. Chesternut, 486 U.S. 567, ----, 108 S.Ct. 1975, 1979 (1988) (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980) (opinion of Stewart, J.)); Joseph, slip op. at 4; Winston, slip op. at 6-7; Baskin, 886 F.2d at 386; Lloyd, 868 F.2d at 450.
 
 
 7
 Henry maintains that, in the circumstances here presented, he believed he was not free to leave. He emphasizes these facets of his situation: (1) Sergeant Brennan had at the outset stated as the reason for his surveillance in Union Station his charge to prevent narcotics from being brought into the District from New York; (2) the presence of an associated officer (Pearson) standing nearby; (3) the failure to inform Henry that he had a right to refuse to cooperate. We have recently and repeatedly rejected similar assertions, underscoring each time that the reasonable person hypothesized in the governing standard is not one who fears the police will detect contraband, but "one innocent of any crime." United States v. Savage, No. 89-3052, slip op. at 5 (D.C.Cir.Nov. 17, 1989); see Winston, slip op. at 10.
 
 
 8
 Sergeant Brennan's announced mission, Winston teaches, was not likely to threaten one unburdened by guilt, see Winston, slip op. at 10; a second officer silently standing in the vicinity does not add palpably to Henry's case, see Winston, slip op. at 11; failure to tell Henry he could say no to questioning or to a luggage check does not bring the encounter over the constitutional line. See Baskin, 886 F.2d at 387; Lloyd, 868 F.2d at 451. Nor can Henry claim as part of the scene factors we have accorded significant weight, i.e., "visibility of weapons, physical intimidation, threats, or an unusual setting or time." Lloyd, 868 F.2d at 450. This is all the more evident in view of the district court's finding that Henry's testimony was not creditworthy while officer Brennan's was.
 
 
 9
 In sum, we conclude that the record adequately demonstrates, when measured against controlling precedent, that the questioning of Henry was not an impermissible seizure of his person, and that he effectively consented to the search of his bag.
 
 
 10
 Henry maintains with respect to his sentence that the Sentencing Guidelines allow for consideration of facts that need not be proved beyond a reasonable doubt. We have recently held, however, that "[d]ue process is satisfied so long as facts necessary for sentencing are proved by a preponderance of the evidence." United States v. Burke, 888 F.2d 862, 869 (D.C.Cir.1989). We find no substance to Henry's proportionality argument given Burke and the facts this case presents; specifically, Henry's sentence of 121 months was based solely on offense conduct he clearly admitted by entering a plea of guilty to the indictment, i.e., he received the minimum sentence for the base level offense indicated by the Guidelines.
 
 
 11
 Henry additionally attacks the Guidelines for requiring the sentencing court to ignore relevant mitigating factors. But this objection falls under the weight of authority upholding mandatory sentences, although they allow the sentencing court no discretion at all concerning the duration of punishment. See United States v. Bridgeman, 523 F.2d 1099, 1121 (D.C.Cir.1975), cert. denied, 425 U.S. 961 (1976). Every circuit that has considered the charge Henry would mount against the Guidelines for stripping district courts of sentencing discretion has rejected the contention. See United States v. Seluk, 873 F.2d 15, 16-17 (1st Cir.1989); United States v. Vizcaino, 870 F.2d 52, 56 (2d Cir.1989); United States v. Frank, 864 F.2d 992, 1009-10 (3d Cir.1988), cert. denied, 109 S.Ct. 2442 (1989); United States v. Bolding, 876 F.2d 21, 22-23 (4th Cir.1989); United States v. White, 869 F.2d 822, 825 (5th Cir.) (per curiam), cert. denied, 109 S.Ct. 3179 (1989); United States v. Jacobs, 877 F.2d 460, 462 (6th Cir.1989); United States v. Pinto, 875 F.2d 143, 144-46 (7th Cir.1989); United States v. Sciacca, 879 F.2d 415, 416 (8th Cir.1989); United States v. Thomas, 884 F.2d 540, 542 (10th Cir.1989); United States v. Harris, 876 F.2d 1502, 1505-06 (11th Cir.), cert. denied, 110 S.Ct. 569 (1989). We have been shown no cause in this case to rule otherwise.