**UNITED STATES of America, Appellee,**

v.

**Benjamin SLOW BEAR, Appellant.**

No. 90–5473.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 26, 1991.

Decided Aug. 30, 1991.

John Nooney, Rapid City, S.D., for appellant.

Diana Ryan, Asst. U.S. Atty., Rapid City, S.D., for appellee.

Before McMILLIAN, WOLLMAN and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Benjamin Slow Bear appeals from a final judgment entered in the District Court[1] for the District of South Dakota upon a jury verdict finding him guilty of one count of assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 1153 and 113(c), and one count of assault by striking, beating or wounding, in violation of 18 U.S.C. §§ 1153 and 113(d). The district court sentenced appellant to thirty-six months imprisonment. For reversal appellant argues (1) the district court erred in increasing his base offense level for inflicting serious bodily injury, and (2) the sentencing judge, as a successor judge, could not make factual determinations. For the reasons discussed below, we affirm the judgment of the district court.

Slow Bear was involved in a fight and admitted only to striking the victim once in the back of the head with a broomhandle-like stick. The victim sustained a fractured skull, a laceration above his left eye, bruises to his chest area, and other lacerations and contusions. Slow Bear was charged in Count I with assault with a baseball bat and in Count II with assault resulting in serious bodily injury. A jury found him guilty on Count I and guilty of the lesser-included offense on Count II of assault by striking, beating, or wounding. The jury

instructions defined serious bodily injury as "something more than a slight bodily injury; it means a bodily injury of a grave and serious nature."

Slow Bear's base offense level was 15. U.S.S.G. § 2A2.2(a) (aggravated assault). The presentence report recommended a four-level enhancement for using a dangerous weapon, *id.* § 2A2.2(b)(2)(B), and a four-level enhancement for inflicting serious bodily injury on the victim, *id.* § 2A2.2(b)(3)(B). For purposes of the Guidelines, serious bodily injury is defined, in part, as an injury involving extreme physical pain or the impairment of a function of a bodily member, or requiring medical intervention such as hospitalization. *Id.* § 1B1.1, comment. Note 1(j). Slow Bear objected to this enhancement in light of the jury's acquittal on the charge of assault resulting in serious bodily injury. The probation officer responded that the definition of serious bodily injury under the Guidelines as well as the standard of proof at sentencing differed from those used at trial.

At sentencing, the district court stated that the jury's finding under the statute did not preclude a finding of serious bodily injury under the Guidelines. The district court noted that the jury did not make a specific finding that Slow Bear's actions did not cause the victim's injuries. The district court found that the victim sustained serious bodily injury under the Guidelines definition: the victim's skull fracture required hospitalization. The district court granted Slow Bear an acceptance-of-responsibility adjustment, resulting in an offense level of 21. Based on a sentencing range of 37–46 months, the district court departed downward under U.S.S.G. § 5K2.10 (victim's conduct) and imposed a sentence of 36 months.

On appeal Slow Bear argues the district court did not have authority to enhance his base offense level for a matter of which he was acquitted by the jury, and there was an insufficient factual basis to find that

---

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota. (The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, presided over the trial.)

Slow Bear's action caused serious bodily injury. He also argues that, as a successor judge, the sentencing judge could not make factual determinations concerning whether his conduct caused serious bodily injury.

■■■ Conduct which is the subject of an acquittal may be used to enhance a sentence under the Guidelines. *United States v. Eberspacher*, 936 F.2d 387, 389–90 (8th Cir.1991); *United States v. Isom*, 886 F.2d 736, 738 & n. 3 (4th Cir.1989); *see also United States v. Juarez–Ortega*, 866 F.2d 747, 749 (5th Cir.1989) (per curiam) (rejecting claim that sentencing judge, in considering acquitted conduct, overrode jury's determination of fact). Here, the district court properly concluded that the jury's finding under the statutory definition did not preclude a finding of serious bodily injury under the Guidelines definition. The district court's enhancement of Slow Bear's offense level for serious bodily injury was supported by the evidence and was not clearly erroneous.

■■ We have approved post-trial reassignment to a successor judge for sentencing under the Guidelines pursuant to Fed. R.Crim.P. 25(b). *United States v. Whitfield*, 874 F.2d 591, 593 (8th Cir.1989). "A successor judge is given broad discretion in determining whether he properly can perform his sentencing duties in a case upon which he did not preside at trial." *Id.* Here, Slow Bear did not object to the reassignment, and the record indicates the sentencing judge was familiar with the case and exercised informed discretion in imposing sentence. *See id.*

Accordingly, we affirm the judgment of the district court.