62 F.3d 1422
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
James Richard HAUGEN, Appellant.
 No. 94-3854
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 28, 1995
Filed: Aug. 7, 1995
 
 Before McMILLIAN, BOWMAN, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 James R. Haugen appeals the 14-month sentence imposed by the District Court[1] after he pleaded guilty to making a false statement to a financial institution, in violation of 18 U.S.C. Sec. 1014 (1988) (amended 1989 and 1990). We affirm.
 
 
 2
 The indictment against Haugen alleged that he misrepresented his financial position to Morris State Bank (MSB), a federally insured financial institution, by submitting a personal financial statement in which he omitted debts to third parties and mortgages on properties he had listed on the statement, for the purpose of influencing MSB respecting loans it made to him. The written plea agreement provided that the sentencing guidelines in effect in March 1989 would apply. Consistent with the plea agreement, the presentence report (PSR) calculated a total offense level of 10, a criminal history category of II, and a guidelines range of 8 to 14 months.
 
 
 3
 At sentencing, the District Court denied Haugen's request for a downward departure under U.S.S.G. Sec. 4A1.3 (adequacy of criminal history category) (Oct. 1987), concluding that departure was not warranted and that Haugen's criminal history category was properly calculated. Although Haugen requested a sentence at the low end of the guidelines range, the District Court sentenced Haugen to 14 months imprisonment and one year supervised release. Haugen appeals, and counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). We have granted counsel's motion to withdraw. We also have granted Haugen leave to file a pro se supplemental brief, which he has not done.
 
 
 4
 In his Anders brief, counsel first argues Haugen's criminal history category was incorrectly calculated or overstated in that two prior state sentences-for each of which Haugen was assessed one criminal history point-should have been treated as "related." Although "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history" calculation, U.S.S.G. Sec. 4A1.2(a)(2), Haugen's state sentences resulted from conduct occurring on different dates and involving different parties, and there is no indication that the cases were formally consolidated for trial or sentencing. See id. Sec. 4A1.2, comment. (n.3); United States v. Klein, 13 F.3d 1182, 1185 (8th Cir.), cert. denied, 114 S. Ct. 2722 (1994). Counsel also argues that the two sentences were not "prior sentences" because they were imposed after he engaged in the conduct underlying the instant offense. This argument also lacks merit: Haugen was sentenced for the state convictions before he was sentenced for the instant offense, and the conduct underlying the state offenses was not "conduct that was part of the instant offense." See U.S.S.G. Sec. 4A1.2, comment. (n.1). We will not review the District Court's refusal to depart downward under section 4A1.3, because we conclude that the court was aware of its authority to depart downward and exercised its discretion not to do so. See United States v. Hall, 7 F.3d 1394, 1396 (8th Cir.1993).
 
 
 5
 Counsel next argues Haugen's offense level was incorrectly calculated or overstated, but Haugen cannot challenge his offense level here as he agreed to it in his plea agreement, he did not challenge the District Court's offense-level calculation at sentencing, and he received a sentence within the range anticipated in his negotiated plea agreement. Cf. United States v. Fritsch, 891 F.2d 667, 668 (8th Cir.1989) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge the punishment on appeal).
 
 
 6
 Finally, counsel argues that Haugen suffered a due process violation when his case was transferred to Judge Renner for sentencing. This argument must also fail: Haugen did not object to the reassignment, a defendant is not entitled to be sentenced by any particular judge, and the record shows that Judge Renner exercised his informed discretion at sentencing. See United States v. Slow Bear, 943 F.2d 836, 838 (8th Cir.1991) (finding no error in reassignment where defendant did not object, and sentencing judge was familiar with case and exercised informed discretion in imposing sentence).
 
 
 7
 Having carefully reviewed the record, we have found no other nonfrivolous issue for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988).
 
 
 8
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Robert G. Renner, Senior United States District Judge for the District of Minnesota, to whom the case was transferred from the Honorable Diana E. Murphy, then Chief Judge, United States District Court for the District of Minnesota, now United States Circuit Judge