# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-4069WM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Kenneth F. Hibbert, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 18, 2001
Filed:     May 24, 2001

_____

Before BOWMAN, McMILLIAN, Circuit Judges, and MOODY,[1] District Judge.

_____

PER CURIAM.

Kenneth F. Hibbert appeals the sentence he received following a guilty plea to a drug conviction in the district court. We affirm.

Hibbert entered a guilty plea to one count of conspiring with others to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Hibbert entered his plea of guilty before The Honorable Scott O. Wright, but

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, sitting by designation.

he was sentenced by The Honorable Nanette K. Laughrey.  During sentencing, an issue arose as to the quantity of methamphetamine for which Hibbert would be held responsible.  Hibbert disputed any responsibility for 25 grams of methamphetamine recovered from the residence of Stephen Grimmet.  After hearing evidence on the issue, the sentencing judge specifically found that Hibbert was involved in the manufacture of methamphetamine at the Grimmet residence and included the additional 25 grams as relevant conduct for sentencing purposes.  This additional drug quantity increased the base offense level from 18 to 26, resulting in a guideline sentencing range of 110 to 137 months.  The district court sentenced Hibbert to 110 months imprisonment.

Hibbert raises two challenges to his sentence.  First, he argues it was error for a different district judge to sentence him than the judge who accepted his plea.  Second, he argues that it was error not to require additional drug quantities included as relevant conduct to be proven by a reasonable doubt.  We find no merit in either contention.

Hibbert argues that the sentencing judge abused her discretion by denying his request to have the case transferred to the judge who took his plea for sentencing. We find no merit in this argument. For purposes of administrative convenience, a different district judge accepted Hibbert's guilty plea.[2]   The district judge who sentenced Hibbert was originally assigned the case.  We have previously held that a defendant need not be sentenced by the same judge who presided at the trial of the case. *United States v. Makes Room*, 49 F.3d 410 (8th Cir. 1995);  *United States v. Whitfield*, 874 F.2d 591, 593 (8th Cir.1989).  The obligation of the sentencing judge is to "familiarize himself with the evidence and legal issues involved and exercise informed discretion in imposing sentence."  *Whitfield, supra*.  In this case, the record shows that the sentencing judge had reviewed the presentence report and that she heard extensive

---

[2]Apparently, the two district judges have an internal administrative court practice in which they rotate presiding over the District Court for the Western District of Missouri Central Division.

evidence related to the challenged relevant conduct, including Hibbert's own testimony. She had also taken guilty pleas from three of Hibbert's co-defendants and imposed sentence on all four co-defendants prior to sentencing Hibbert. Under the facts of this case, the district judge did not abuse her discretion in refusing to transfer the case and imposing sentence.

As to the relevant conduct issue, Hibbert does not contend that the evidence was insufficient to support the district court's finding by a preponderance of the evidence. Rather, Hibbert contends his sentence violates *Apprendi v. New Jersey,* 530 U.S. 466 (2000) (other than the fact of an earlier conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt). Hibbert urges that *Apprendi* should be construed broadly to require the government to prove relevant conduct by a reasonable doubt as opposed to the lesser preponderance standard. We disagree. A*pprendi* mandates proof beyond a reasonable doubt only of those facts that increase a defendant's sentence beyond the statutory maximum. *Id.* at 2362-63; *United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir.), *cert. denied,* --- U.S. ----, 121 S.Ct. 600, 148 L.Ed.2d 513 (2000). Hibbert's 110-month total sentence is within the 20-year maximum authorized by 21 U.S.C. § 841(b)(1)(C) for the drug offense *simpliciter*. Hibbert's sentence thus presents no *Apprendi* error.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-