# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1384

_____

United States of America,      *
       *
       Appellee,      *
       *    Appeal from the United States
       v.      *    District Court for the
       *    Northern District of Iowa.
Jennifer Urben-Potratz,      *
       *
       Appellant.      *

_____

Submitted: September 28, 2006
Filed: December 7, 2006

_____

Before LOKEN, Chief Judge, SMITH, and GRUENDER, Circuit Judges.

_____

SMITH, Circuit Judge.

Jennifer Urben-Potratz pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. The plea agreement required Urben-Potratz to fully and completely cooperate with the government. After several delays, Urben-Potratz was sentenced to 120 months' imprisonment, the statutory minimum for her offense, by a different district judge than the one who accepted her plea. Urben-

Potratz appeals the district court's[1] denial of her motions for continuance and reassignment of the case to a different judge. For the reasons set out below, we affirm.

## I. *Background*

Urben-Potratz was charged in a one-count indictment with conspiracy to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Urben-Potratz was given pretrial release and became a cooperating witness and confidential informant for the government. Pursuant to a plea agreement, she pleaded guilty to the lesser-included offense of conspiracy to distribute 100 kilograms or more of marijuana. The plea agreement called for Urben-Potratz to "fully and completely cooperate" with the government, including possible active cooperation.[2] In exchange for her cooperation, the government agreed to consider filing a "substantial assistance" motion pursuant to 18 U.S.C. § 3553(e), which, if granted, would allow the court to depart below the statutory mandatory minimum.

The plea agreement stated that "no promise has been made that a motion will be made for departure even if the defendant complies with the terms of this agreement in all respects, but has not, in the assessment of the United States Attorney's Office, provided 'substantial assistance.'" Thus, the decision whether or not to file a substantial assistance motion was "in the sole discretion of the United States Attorney's Office." Additionally, the plea agreement stated that "[t]he defendant agrees and understands that she shall not be permitted to withdraw her plea of guilty

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

[2]Active cooperation refers to a defendant "actively" participating with law enforcement operations in attempts to apprehend or gather evidence against other suspects. In this case, for example, Urben-Potratz wanted to participate in active cooperation by making controlled purchases of drugs under the direction of law enforcement, recording phone calls, and introducing undercover agents to drug traffickers.

. . . in the event she is not satisfied with the government's 'substantial assistance' motion decision or the court's sentence in the case." The plea agreement did not specify which judge would sentence Urben-Potratz, but stated that, "[t]he district court will determine the appropriate sentence . . . ."

The plea was accepted by Chief Judge Mark W. Bennett, the district judge originally assigned the case. The case then went into a procedural holding pattern for six months. Upon agreed motions by the parties, Judge Bennett continued Urben-Potratz's sentencing five times for various reasons, including Urben-Potratz's pregnancy and her anticipated continuing cooperation with law enforcement.

On January 17, 2006, Urben-Potratz's case was reassigned to the Honorable Linda R. Reade, due to Judge Bennett's health-related unavailability. On January 18, 2006, Urben-Potratz filed another motion to continue her sentencing, alleging that she needed additional time to complete her cooperation with the government, including active cooperation, which she had not yet provided because the United States Drug Enforcement Agency (DEA) had not approved her for such cooperation. The government did not resist the continuance. However, Judge Reade denied the motion, stating that if Urben-Potratz continued cooperating after sentencing, a Rule 35(b) motion could be filed, which would allow her sentence to be reduced for substantial assistance post-sentencing. Fed. R. Crim. P. 35(b). Urben-Potratz renewed her motion to continue, asserting that sentencing her before she had provided active cooperation would significantly impair her ability to receive a reduced sentence for substantial assistance as she would not be able to provide active participation post-sentencing.

Judge Reade heard oral argument on the renewed motion at sentencing. Urben-Potratz argued that the standard practice in the Western Division of the Northern District of Iowa was to continue sentencings to allow defendants to complete as much cooperation as possible prior to sentencing and to sometimes allow defendants to provide active cooperation to law enforcement. However, Judge Reade, who normally

-3-

sits in the Eastern Division of the Northern District of Iowa, denied the continuance, notwithstanding the Western Division standard practice. Judge Reade stated that she, as a matter of policy, would not allow Urben-Potratz, or anyone else, to participate in active cooperation with the government pending sentencing. The court denied the continuance noting that Urben-Potratz could still debrief with law enforcement, make calls from prison, and testify before the grand jury, but there was no guarantee that the DEA would ever approve Urben-Potratz for active cooperation even if the court continued her sentencing.[3]

Urben-Potratz then orally moved for her case to be reassigned back to Judge Bennett for sentencing. The district court denied this motion as well. The government did not make a motion for substantial assistance following these denials. The court then sentenced Urben-Potratz to 120 months' imprisonment, the statutory minimum for her offense. Urben-Potratz appeals arguing that the district court abused its discretion in denying the motions.

## II. *Discussion*
### A. *Motion for Continuance*

"District courts are afforded broad discretion when ruling on requests for continuances." *United States v. Cotroneo*, 89 F.3d 510, 514 (8th Cir. 1996). "Continuances generally are not favored and should be granted only when the party requesting one has shown a compelling reason." *Id.* "We will reverse a district court's decision to deny a motion for continuance only if the court abused its discretion and the moving party was prejudiced by the denial." *United States v. Thurmon*, 368 F.3d 848, 851 (8th Cir. 2004) (quoting *Cotroneo*, 89 F.3d at 514).

_____

[3]At the time of sentencing, the DEA had refused a prior request to approve Urben-Potratz for active cooperation.

Urben-Potratz requested a sixth continuance to actively cooperate with the government. She hoped that the cooperation would lead to a reduced sentence via a substantial assistance motion by the government. However, the plea agreement did not guarantee that Urben-Potratz would ever be approved for active cooperation. Such cooperation required the DEA to arrange an appropriate enforcement operation and approve Urben-Potratz's participation in it. The DEA had already denied one such request. Further, even if approved to participate, Urben-Potratz might still not achieve success in her active cooperation attempts, and the government, in its discretion, could still decline to file a substantial assistance motion. Given these circumstances and the broad discretion afforded district courts when ruling on requests for continuances, we hold the district court did not abuse its discretion in denying the continuance motion.

Alternatively, even if the district court did abuse its discretion in denying the continuance, we would not reverse the denial because Urben-Potratz failed to establish prejudice. *See Thurmon*, 368 F.3d at 851. (finding that abuse of discretion need not be determined if no prejudice shown). Although the government did not file a substantial assistance motion, this alone does not show prejudice because of the uncertainty that Urben-Potratz would have actually provided substantial assistance. Additionally, as the district court noted, Urben-Potratz can still cooperate with the government after sentencing by debriefing with law enforcement, testifying before grand juries, or making phone calls from prison. This post-sentencing assistance could lead to a Rule 35 motion by the government which would permit Urben-Potratz's sentence to be reduced below the statutory minimum. *See* Fed. R. Crim. P. 35(b). Urben-Potratz never had any right to participate in active cooperation, she was never approved to participate in it, and it was uncertain that she would ever be approved for it. Therefore, Urben-Potratz cannot show that she was prejudiced by the denial of her continuance motion.

B. *Motion for Reassignment*

Urben-Potratz also alleges that the district court abused its discretion when it denied her oral motion for reassignment back to Judge Bennett for sentencing. She asserts that she entered her guilty plea with the expectation that Judge Bennett would preside over her sentencing. She contends that the reassignment to Judge Reade for sentencing was fundamentally unfair and a denial of her due process rights. However, Urben-Potratz's case was reassigned to Judge Reade pursuant to Federal Rule of Criminal Procedure 25(b)[4] because of Judge Bennett's absence, and a "defendant's due process rights are not infringed by the reassignment of a case pursuant to Rule 25(b) following a finding or verdict of guilt." *United States v. Whitfield*, 874 F.2d 591, 593 (8th Cir. 1989).

When a case is reassigned to a different judge after a guilty verdict or plea, the successor judge is given broad discretion in determining whether she can properly perform her sentencing duties. *Id.* Rule 25(b) only requires that the successor judge familiarize herself with the evidence and legal issues involved in the case and exercise informed discretion in imposing the sentence. *Id.* Urban-Potratz has not shown that Judge Reade failed to properly perform her sentencing duties. Further, the plea agreement statement that "[t]he district court" would determine and impose the appropriate sentence does not constitute a guarantee that any particular judge would preside over Urben-Potratz's sentencing.

---

[4]Rule 25. Judge's Disability

. . .

(b) After a Verdict or Finding of Guilty.

(1) In General. After a verdict or finding of guilty, any judge regularly sitting in or assigned to a court may complete the court's duties if the judge who presided at trial cannot perform those duties because of absence, death, sickness, or other disability.

Fed. R. Crim. P. 25(b)(1)

Finally, Urben-Potratz urges this court to reverse the denial of her motion for reassignment because Judge Reade should have recused herself from the case. This argument is essentially a "judge shopping" attempt by Urben-Potratz to have her case reassigned back to Judge Bennett in the hope of obtaining a more favorable result. However, 28 U.S.C. § 455(a), which governs when a judge should recuse herself, "does not provide a vehicle for parties to shop among judges." *Little Rock School Dist. v. Pulaski County Special School Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988). Nor does § 455(a) require recusal every time a judge departs from preferred protocol. *Id.* Accordingly, the district court did not abuse its discretion in denying the motion for reassignment.

### III. *Conclusion*

For the foregoing reasons, we affirm the judgment of the district court.

_____