# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2709
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Crystal Antoinette Harris, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 10, 2007
Filed: April 16, 2007

_____

Before MELLOY, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Crystal Harris entered a plea of guilty to four counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court[1] sentenced her to 151 months' imprisonment and three years' supervised release. She now appeals, arguing she was entitled to be sentenced by the same judge who received her plea. She also argues her advisory Guidelines range was based on clearly erroneous factual findings, her sentence was impermissibly based on facts neither necessary for the conviction nor found by a jury, her overall sentence was unreasonable, and her

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

sentence was based on a grand jury's special findings that the government had agreed to strike from the indictment. We affirm.

## I. Background

A grand jury returned a superseding indictment against Harris, finding probable cause to believe she had distributed cocaine base on four different dates between September 23 and October 10, 2002. The superseding indictment included special findings by the grand jury alleging Harris had distributed between 500 grams and 1.5 kilograms of cocaine base.

During pretrial proceedings and negotiations that led to a change of plea, the Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa, granted a motion in limine filed by Harris to exclude the testimony of two witnesses, Jilisha Walton and Rosemary Christian. These witnesses would have testified regarding prior drug sales by Harris. Harris also moved to strike the special findings from the indictment. The government consented to the motion to strike, and Judge Longstaff granted the motion. After these motion proceedings, Harris agreed to plead guilty. The government agreed to recommend a sentence at the bottom of the advisory Guidelines range.

On August 29, 2005, Judge Longstaff received Harris's plea. In the colloquy surrounding her plea, Harris admitted to selling a total of 7.8 grams of cocaine base to a woman named Letisha Williams over the course of four separate transactions. At the end of the hearing, when dealing with logistical matters such as the preparation of a presentence report and scheduling for a sentencing hearing, Judge Longstaff notified counsel another judge might preside over Harris's sentencing. Counsel made no objection at that time. Prior to sentencing, the case was transferred to the docket of the Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

In the presentence report, the probation officer attributed between 150 and 500 grams of cocaine base to Harris for a base offense level of thirty-four. The probation officer recommended a two-level, aggravated role enhancement and a three-level reduction for acceptance of responsibility, for a total offense level of thirty-three. With a criminal history category of II, the resultant advisory range recommended in the presentence report was 151 to 188 months' imprisonment. Counsel for Harris objected to the drug quantity and role enhancement recommendations, arguing they were not supported by Harris's admitted offense conduct.

Judge Pratt presided over Harris's sentencing hearing on June 26, 2006, and Harris made no objection to having Judge Pratt, rather than Judge Longstaff, conduct the hearing. Harris did object to the presentation of evidence regarding drug quantity and the aggravated role enhancement. At the hearing, Judge Pratt received an affidavit from Jilisha Walton and heard testimony from witnesses, including Letisha Williams. Counsel for Harris again objected to the presentation of any evidence regarding drug quantity, offense conduct, or relevant conduct beyond the conduct admitted by Harris in her plea hearing. Counsel for Harris elected not to cross-examine Jilisha Walton even though the government repeatedly noted Walton was present and available to testify.

Williams and Walton were informants for the police. Williams testified she purchased crack from Harris daily over an extended period of time. Williams did not quote a specific quantity in terms of grams, but described her purchases in dollar amounts, described the frequency of her purchases, and described her interactions with Harris. Walton stated that Harris recruited her to help sell crack, Harris used her to deliver crack on over twenty-five occasions, and Harris used her home to distribute crack to two or three users per week. Taken together, Williams's testimony and Walton's affidavit clearly demonstrated Harris had distributed at least 150 to 500 grams of cocaine base. This evidence also clearly demonstrated Harris exercised

control over, directed, or supervised at least one other participant in the illegal conduct.

Judge Pratt determined, based in large part on the information provided by Williams and Walton, that Harris had distributed between 150 and 500 grams of cocaine base and that Harris deserved the two-level, aggravating role enhancement because she "was an organizer, leader, manager, or supervisor" in the criminal activity. He found the advisory Guidelines range to be 151 to 188 months as recommended in the report, considered the 18 U.S.C. § 3553(a) factors, and imposed a sentence at the bottom of this range.

II.     Discussion

On appeal, Harris argues that she was entitled to have Judge Longstaff preside at her sentencing and that Judge Pratt was biased in favor of the government. This argument is wholly without merit. There is no evidence Judge Pratt was biased in any manner, and a defendant has no right to be sentenced by a particular judge. United States v. Urben-Potratz, 470 F.3d 740, 744-45 (8th Cir. 2006).

The remainder of Harris's arguments fall into three categories. First, counsel for Harris presents a series of arguments related generally to United States v. Booker, 543 U.S. 220 (2005). Second, counsel attacks Judge Pratt's findings and the procedure followed at the sentencing hearing. Finally, counsel alleges the government breached an agreement with Harris by introducing at the sentencing hearing evidence of offense conduct and relevant conduct beyond that admitted by Harris at her plea hearing.

Regarding the Booker-related arguments, counsel for Harris misconstrues the procedural framework for sentencing post-Booker. It is now well established that the court is to make factual findings necessary for advisory Guidelines calculations, these

findings are to be made using the preponderance of the evidence standard, and the sentencing court is to use the advisory Guidelines range as one of the sentencing factors under 18 U.S.C. § 3553(a). United States v. Thundershield, 474 F.3d 503, 506-07 & n.7 (8th Cir. 2007) (applying preponderance standard in relation to an obstruction of justice enhancement); United States v. No Neck, 472 F.3d 1048, 1055 (8th Cir. 2007) (noting after Booker that even "[a]cquitted conduct may be used for sentencing purposes if proved by a preponderance of the evidence"); United States v. Sandoval-Rodriguez, 452 F.3d 984, 990-91 (8th Cir. 2006) (explaining sentencing procedure in accordance with the remedy set forth in Booker). Counsel for Harris ignores the remedial provisions of the Court's Booker opinion and all of our precedent following Booker which establishes this framework. Counsel insists, instead, that Booker requires a jury to make all findings relevant to the Guidelines. Because we have repeatedly addressed this basic misconception and consistently rejected arguments similar to those raised by counsel, we need not address all of counsel's related arguments individually.

Regarding the specific factual findings made by the sentencing judge, our review is for clear error. Thundershield, 474 F.3d at 507. As already noted, there was more than adequate support for the findings related to the drug quantity and the role enhancement. Harris argues that reliance on Walton's affidavit to make sentencing findings violated her confrontation rights. This argument fails because Walton was available for cross-examination, and counsel for Harris simply chose not to examine her. Also, Judge Pratt considered the appropriate factors under 18 U.S.C. § 3553(a), and we find the overall sentence imposed to be reasonable. Although counsel cites one passage from the sentencing transcript in which Judge Pratt appeared to refer to the Guidelines as mandatory, Judge Pratt subsequently clarified his view, clearly acknowledged the advisory nature of the Guidelines, and noted his consideration of the sentencing factors.

Finally, counsel appears to argue that when the government agreed to strike the special findings from the indictment, the government necessarily agreed that any and all conduct other than that admitted by Harris at the plea hearing would not and could not be used for sentencing purposes. Even if the government had the authority to so limit what a sentencing court may consider in making necessary findings under the Guidelines, there is simply no evidence of such an agreement in the present case. Harris admitted in her plea hearing that the only promise she received from the government was a promise to recommend a sentence at the bottom of the Guidelines range. Further, the special findings from the grand jury were of a drug quantity between 500 grams and 1.5 kilograms, whereas Harris's sentence was based on a drug quantity finding of 150 to 500 grams. Accordingly, even if there were any merit to counsel's argument, the resultant sentence in this case was not based in any manner on the quantity set forth in the stricken grand jury findings.

We have considered the other arguments raised by Harris and find them to be without merit.

The judgment of the district court is affirmed.

_____