# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3198

_____

United States of America

*Plaintiff - Appellee*

v.

Ezra Robert Gramm

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 3, 2015
Filed: April 10, 2015
[Unpublished]

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ezra Gramm directly appeals the sentence imposed by the district court[1] after he pleaded guilty to sexual exploitation of a child. His counsel has moved to

---

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), raising an argument that the sentence was unreasonable. We conclude that Gramm's appeal waiver should be enforced and prevents consideration of the claim. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (court should dismiss appeal where it falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result). Gramm has filed a supplemental pro se brief, arguing that his sentence was unconstitutional based on a conviction he received in Missouri state court. We conclude that Gramm's sentence did not violate double jeopardy because the state and federal sentences punished different conduct, see Monge v. California, 524 U.S. 721, 727-28 (1998) (double jeopardy clause of Fifth Amendment protects against multiple criminal punishments for the same offense), and we see no other basis for a constitutional challenge. Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues outside the scope of the waiver.

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____