# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1922
_____

United States of America

*Plaintiff - Appellee*

v.

Chad Daniel Anderson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota
_____

Submitted: March 15, 2019
Filed: July 25, 2019
[Unpublished]
_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Chad Anderson pled guilty to conspiracy to possess with intent to distribute fentanyl. The district court[1] sentenced Anderson to 60 months of imprisonment. Anderson appeals his sentence and we affirm.

---

[1]The Honorable John Preston Bailey, United States District Judge for the Northern District of West Virginia, sitting by designation.

# I.  Background

Anderson was charged with two violations of federal law.  He entered into a plea agreement with the government and pled guilty to Count I of the indictment — conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a) and 846.  The plea agreement contained an appeal waiver and a joint recommendation clause for a sentence of 18 months of imprisonment.  The plea agreement specifically stated the recommendation was not binding and that the sentencing court's refusal to accept any or all terms did not give Anderson a right to withdraw his plea.  Anderson appeared in the District of North Dakota and pled guilty.

Between the guilty plea hearing and sentencing, Anderson's case was reassigned to a different district judge sitting by designation.  At the sentencing hearing, the judge announced the United States Sentencing Commission Guidelines ("U.S.S.G." or "Guidelines") range was 77 to 96 months of imprisonment and then asked the government what 18 U.S.C. § 3553(a) factors were considered to support the joint recommendation, a sentence far below the Guidelines.  After a colloquy with the attorneys, the district court sentenced Anderson to 60 months of imprisonment.  When the defendant's counsel asked why the jointly recommended 18-month sentence was not used, the district court stated that based on the § 3553(a) factors he saw no reason to vary so far downward.  The district court further explained it took into account Anderson's substantial criminal history, violations of probation and parole, his illicit possession of a secure digital card in jail, and the fact the offense involved fentanyl. Anderson filed a timely appeal.

# II.  Analysis

On appeal, Anderson argues the government breached the terms of his plea agreement, there was a sentencing error, and he was denied his due process rights

when the case was reassigned to a new judge.  The government urges this court to dismiss on the grounds the appeal waiver in the plea agreement bars this appeal.

## A.  Appeal Waiver

Before reaching the merits of Anderson's appeal, we begin by deciding whether the plea agreement forecloses consideration of the appeal.  "As a general rule, a defendant is allowed to waive appellate rights" and those waivers are enforceable. *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003) (en banc).  However, this court has imposed limits on the enforcement of appeal waivers.  *Id.*  For example, appeal waivers must be "entered into knowingly and voluntarily."  *Id*. at 890.  Also, the government must not breach the plea agreement.  *United States v. Quebedo*, 788 F.3d 768, 775 (8th Cir. 2015) ("When the government fails to fulfill the terms of the plea agreement, an unsatisfied defendant may seek specific performance or may seek to withdraw his plea." (quoting *United States v. Johnson*, 512 F. App'x 648, 654 (8th Cir. 2013))).  Additionally, the appeal must be within the scope of the appeal waiver in order for it to foreclose our review.  *Andis*, 333 F.3d at 889–90.  Finally, we will not enforce a waiver if it "would result in a miscarriage of justice."  *Id*. at 890.

We review de novo "[w]hether a valid waiver of appellate rights occurred." *United States v. Pierre*, 912 F.3d 1137, 1143 (8th Cir. 2019) (quoting *United States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2009)).  Anderson argues he did not knowingly and voluntarily enter into the plea agreement.  He contends this is so because he was under the impression the same judge would complete both the plea entry and sentencing.  Anderson claims assurances to him that the same judge accepting the plea agreement would be the sentencing judge played a critical role in his decision to plead guilty, which he argues justifies a new sentencing hearing.  We disagree.

A substitution of district court judges does not impact whether the guilty plea was entered knowingly and voluntarily.  "[A] district court can help ensure that a plea

agreement and corresponding waiver are entered into knowingly and voluntarily [by] properly question[ing] a defendant about his or her decision to enter that agreement and waive the right to appeal." *Id*. (alterations in original) (quoting *Andis*, 333 F.3d at 890–91). Here, the original judge questioned Anderson to ensure he was competent, that he had conversed with his lawyer, and that he understood each aspect of the guilty plea. The judge specifically asked if Anderson understood that the sentencing recommendation was not binding, went over several paragraphs of the plea agreement, and asked Anderson if he understood each right he was waiving. Throughout the entire line of questioning, Anderson confirmed he understood. Anderson also testified that no one had coerced him and that he was entering into the agreement of his own free will. The judge never promised a particular sentence or that his continued presence was part of the plea agreement. Therefore, we conclude Anderson entered into the plea agreement knowingly and voluntarily.

Next, we consider Anderson's argument that the government breached the plea agreement when it sought an obstruction of justice enhancement. As Anderson did not object to the government's actions before the district court, we apply the plain error standard of review. *See United States v. Lovelace*, 565 F.3d 1080, 1086 (8th Cir. 2009) ("[W]hen a defendant asserts for the first time on appeal that the government breached a plea agreement, the reviewing court examines the forfeited claim under the plain error test of Fed. R. Crim. P. 52(b)."). To satisfy the plain error test a defendant "must show (1) an error, (2) that it is plain; and (3) that affects substantial rights." *United States v. Darden*, 915 F.3d 579, 583 (8th Cir. 2019) (quoting *United States v. Trung Dang*, 907 F.3d 561, 564 (8th Cir. 2018)).

We conclude there was no plain error here. "The Government does not breach a plea agreement by advocating for a particular enhancement in a case in which that enhancement 'was an issue that [was] not . . . agreed to or specifically listed in the plea agreement.'" *Quebedo*, 788 F.3d at 775 (alterations in original) (quoting *United States v. Noriega*, 760 F.3d 908, 912 (8th Cir. 2014)). Anderson claims that during

plea negotiations the prosecutor agreed not to seek a sentencing enhancement for obstruction of justice. However, nothing in Anderson's plea agreement forbids the government from seeking an obstruction of justice enhancement. *Id.* at 776 (stating "the plea agreement did not prohibit the government from seeking sentencing enhancements for which there was no stipulation"). The only adjustment the plea agreement referenced was a two-level downward adjustment for acceptance of responsibility (U.S.S.G. § 3E1.1(a)), and it also explicitly allowed the government to contest the adjustment if the defendant "attempt[s] to obstruct justice." Therefore, we conclude the government did not breach the plea agreement when it sought an obstruction of justice enhancement.

Having concluded the plea deal is still effective, we next consider under a de novo standard whether Anderson's arguments on appeal are within the scope of the appeal waiver. *Pierre*, 912 F.3d at 1143. The plea agreement specifically states that "the court may depart from the applicable guidelines range," the parties' recommendation is non-binding, and that 'the Court's refusal to accept any or all terms of the Plea Agreement does not give [the] defendant a right to withdraw [the] defendant's guilty plea." Given the plain terms of the plea deal and Anderson's sentence being below the statutory maximum, the sentence fell within the scope of the appeal waiver.

The only other time the court may not accept an appeal waiver is if it would be a miscarriage of justice. *Andis*, 333 F.3d at 890. The miscarriage of justice exception is narrow, principally applying to permit "appeal[s] of illegal sentences that are greater than the maximum statutory penalty." *Pierre*, 912 F.3d at 1143–44. Here the district court judge stated that he was applying the § 3553(a) factors, and the sentence was below the guidelines range and the statutory maximum. Any alleged abuse of the district court's discretion in selecting a sentence "is not subject to appeal in the face of a valid appeal waiver." *Id.* at 1144 (quoting *Andis*, 333 F.3d at 892). Therefore,

the miscarriage of justice exception is not applicable and the appeal waiver bars Anderson's sentencing error claim.

## B. Due Process Claim

Anderson argues that the reassignment of his case to a new judge for sentencing after his plea deal violated his due process rights and that this claim is not barred by the appeal waiver. We are generally hesitant to enforce an appeal waiver so as to bar appeals of *future* constitutional violations. *See United States v. Gramm,* 598 F. App'x 479, 479 (8th Cir. 2015) (reviewing a constitutional claim despite an appeal waiver). However, we recognize Anderson's appeal waiver was extremely broad and we have enforced such waivers against constitutional claims in certain circumstances. *See United States v. Meirick*, 674 F.3d 802, 806 (8th Cir. 2012) (refusing to consider a substantive due process challenge to sentencing determinations that was "cognizable more properly as a challenge to the reasonableness of his sentence" (quoting *United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009))). Considering the nature of Anderson's due process challenge goes to the very heart of the fairness of the proceeding itself, as opposed to the ultimate sentence imposed, we will assume without deciding Anderson did not waive his right to appeal this issue.

As Anderson made no objections to the reassignment, we review for plain error. *See United States v. Bruguier*, 161 F.3d 1145, 1153 (8th Cir. 1998) (applying plain error review to the substitution of a judge where the defendant did not object). Anderson acknowledges that a defendant generally does not have the right to the same judge at the plea and sentencing hearings. *See Taylor v. Bowersox,* 329 F.3d 963, 969 (8th Cir. 2003) ("[T]here is no independent federal right to be sentenced by the same judge that took a guilty plea and [we] find no constitutional provision that guarantees such a right."). But he argues because the basis of his plea was that the same judge would sentence him, the circumstances of this case created "a substantial

and legitimate expectation . . . which arises to the level of a federally-protected liberty interest."

Anderson made no objection to the reassignment and the record does not reflect the reason for the reassignment. Thus, we conclude Anderson's due process rights were not violated. *See Bruguier,* 161 F.3d at 1153 (stating the court is "not willing to reverse this sentence in the absence of a properly made objection," as there is no showing of error when the record does not reflect why the substitution was made).[2] Further, the district judge at the sentencing hearing complied with all requirements to familiarize himself with the case, even discussing § 3553(a) factors that influenced his decision. *See United States v. Urben-Potratz*, 470 F.3d 740, 744 (8th Cir. 2006) (stating due process rights are not infringed by reassignment after a finding of guilt but before sentencing); *United States v. Whitfield*, 874 F.2d 591, 593 (8th Cir. 1989) ("A successor judge need only familiarize himself with the evidence and legal issues involved and exercise informed discretion in imposing [a] sentence."). Therefore we find no due process violation under our plain error standard of review.

### III. Conclusions

For the reasons set forth herein, we affirm.

_____

[2]Anderson also argues the substitution of judges did not comply with Fed. R. Crim. P. 25(b). As that is not a constitutional violation, this claim is barred by Anderson's appeal waiver.