IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 10, 2015

**VICTOR ANDREA ASKEW v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County**
**No. 38557     Paul G. Summers, Senior Judge**

———————————————————

**No. M2014-02346-CCA-R3-PC – Filed April 26, 2016**

———————————————————

Victor Andrea Askew, the Petitioner, filed a Petition for Post-Conviction Relief alleging a single claim that counsel was ineffective for failing to argue that the judge ruling on the motion for new trial should apply the version of Tennessee Code Annotated section 17-1-305 that was in effect at the time of the Petitioner's offense. The post-conviction court denied relief. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

James Kevin Cartwright, Clarksville, Tennessee, for the appellant, Victor Andrea Askew.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; John W. Carney, District Attorney General; and Arthur Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

*Trial*

This case has a long and unusual procedural history. In 1997, a Montgomery County jury convicted the Petitioner for the March 29, 1996, premeditated murder of his estranged wife and the attempted second degree murder of his wife's male friend. State v. Victor A. Askew, No. M2010-00723-CCA-R3-CD, 2011 WL 5925040, at *1, *5 (Tenn. Crim. App. Nov. 18, 2011), perm. app. denied, (Tenn. Feb. 16, 2012). The Petitioner filed a timely motion for new trial on October 27, 1997, but "for no apparent

reason from the record, the case lay dormant in the trial court" for nearly nine years. Id. at *5. On April 27, 2006, the State filed a response to the motion for new trial, which stated that the trial judge who heard the case died in 2001. On September 23, 2009, the successor judge issued an order noting that the original transcript had been lost and ordering that the trial be re-transcribed. On January 15, 2010, the Petitioner, through trial counsel, filed an amended motion for new trial. In April 2010, the successor judge entered an order denying the motion for new trial. The Petitioner filed a timely appeal in this court raising the sole issue of sufficiency of the evidence underlying the Petitioner's first-degree murder conviction. Id. at *1. This court affirmed the judgment of conviction. Id. at *9.

*Post-Conviction Proceedings*

The Petitioner filed a timely pro se Petition for Post-Conviction Relief, alleging ineffective assistance of counsel without alleging any supporting facts. Counsel was appointed and an amended petition was filed ("the Amended Petition"). The Amended Petition is somewhat unclear, but it appears to allege that trial counsel was ineffective for failing to include as a ground for relief in the motion for new trial that the Petitioner was entitled to a new trial due to the death of the trial judge while the motion was still pending. To support this claim, the Petitioner cited the version of Tennessee Code Annotated section 17-1-305 which was in place on the date of his offense. That version of the statute stated in pertinent part:

> When a vacancy in the office of trial judge exists by reason of death, . . . after verdict, but before the hearing of the motion for new trial, a new trial shall be granted to the losing party if the motion has been filed within the time required by rule of the court, and the motion is pending when the vacancy occurs.

Tenn. Code Ann. § 17-1-305 (1994) (amended 1996). The Petitioner asserted that, had trial counsel raised "the issue of the statutory mandate" in section 17-1-305, he would have been granted a new trial.

In its answer to the Amended Petition, the State noted that Tennessee Code Annotated section 17-1-305 was modified prior to the Petitioner's trial. Effective May 8, 1996, the statute read in pertinent part:

> When a vacancy in the office of trial judge exists by reason of death, . . . after verdict, but before the hearing of the motion for new trial, the trial judge's successor shall rule on the defendant's motion for new trial after the successor judge has reviewed the transcript and entire record of the trial.

Tenn. Code Ann. § 17-1-305 (Supp. 1996). The State asserted that the Petitioner was not entitled to relief because the successor judge complied with the statute that was in effect at the time the matter was tried. Additionally, the State argued that the change to section 17-1-305 was "clearly procedural" and did not constitute an ex post facto law which would deny the Petitioner his constitutional rights. The Petitioner did not seek an evidentiary hearing on the Amended Petition. The Petitioner states in his appellate brief:

> On August 7, 2013, Counsel informed the court that there was no need for an eviden[tiary] hearing to prove the one ground, due to the [S]tate's concession of all the facts necessary to make our argument (specifically the date of the death of the trial judge, the date of filing of the motion for new trial, and the date of determination of the motion for new trial.)

In a written order, the post-conviction court denied relief, stating:

> Submitted on pleadings and briefs without a hearing, [the Petitioner] cites Tenn. Code Ann. § 17-1-305 for the position of requiring a new trial because of the death of the judge assigned to the case while a motion for new trial is pending. Tenn. Code Ann. § 17-1-305 as cited was superseded on May 8, 1996, and reads in pertinent part, " . . . The trial judge's successor shall rule on the defendant's motion for new trial after the successor judge has reviewed the transcript and the entire record of the trial." See Tenn. Code Ann. § 17-1-305. Trial occurred after the modification date of the statute and [the Petitioner] is in error. The successor trial judge followed the provisions of the amended statute when he denied the [P]etitioner's motion for new trial.

> After review, the Court finds there are no justiciable claims raised in [the Petitioner's] Petition for Post-Conviction Relief and Petition is denied in all respects.

This timely appeal followed.

*Analysis*

On appeal, the Petitioner argues that he received ineffective assistance of counsel when: (1) trial counsel failed to request application of the version of Tennessee Code Annotated section 17-1-305 that was in effect at the time of the offense in March 1996; (2) trial counsel failed to object "to the [successor] judge's failure to make a finding as to his ability to determine credibility of the case as a whole (where the [successor] judge limited his findings to witness credibility[])"; and (3) appellate counsel

"did not address either the application of [section] 17-1-305 by a faulty finding in the Motion for New Trial, nor the need to apply the version of [Tennessee Code Annotated section] 17-1-305 which was in effect in March 1996." Additionally, the Petitioner raises free-standing claims that (1) the successor judge incorrectly determined that credibility was not a factor in ruling on the motion for new trial because the successor judge had to make credibility determinations in his role as the thirteenth juror and (2) that the application of the amended version of Tennessee Code Annotated section 17-1-305 amounted to "an [e]x [p]ost [f]acto violation of his constitutional rights." The Petitioner's brief does not list separate statements of the issues for each claim raised in his brief, and his arguments are very unclear. However, we interpret his brief to raise the issues as stated above.

*Ineffective Assistance of Counsel*

In order to prevail on a petition for post-conviction relief, a petitioner must prove all factual allegations by clear and convincing evidence. Jaco v. State, 120 S.W.3d 828, 830 (Tenn. 2003). Post-conviction relief cases often present mixed questions of law and fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). Appellate courts are bound by the post-conviction court's factual findings unless the evidence preponderates against such findings. Kendrick v. State, 454 S.W.3d 450, 457 (Tenn. 2015). When reviewing the post-conviction court's factual findings, this court does not reweigh the evidence or substitute its own inferences for those drawn by the post-conviction court. Id.; Fields, 40 S.W.3d at 456 (citing Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997)). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the [post-conviction court]." Fields, 40 S.W.3d at 456 (citing Henley, 960 S.W.2d at 579); see also Kendrick, 454 S.W.3d at 457. The post-conviction court's conclusions of law and application of the law to factual findings are reviewed de novo with no presumption of correctness. Kendrick, 454 S.W.3d at 457.

The right to effective assistance of counsel is safeguarded by the Constitutions of both the United States and the State of Tennessee. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. In order to receive post-conviction relief for ineffective assistance of counsel, a petitioner must prove two factors: (1) that counsel's performance was deficient; and (2) that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (stating that the same standard for ineffective assistance of counsel applies in both federal and Tennessee cases). Both factors must be proven in order for the court to grant post-conviction relief. Strickland, 466 U.S. at 687; Henley, 960 S.W.2d at 580; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). Accordingly, if we determine that either factor is not satisfied, there is no need to consider the other factor. Finch v. State, 226 S.W.3d 307,

316 (Tenn. 2007) (citing <u>Carpenter v. State</u>, 126 S.W.3d 879, 886 (Tenn. 2004)). Additionally, review of counsel's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Strickland</u>, 466 U.S. at 689; <u>see also</u> <u>Henley</u>, 960 S.W.2d at 579. We will not second-guess a reasonable trial strategy, and we will not grant relief based on a sound, yet ultimately unsuccessful, tactical decision. <u>Granderson v. State</u>, 197 S.W.3d 782, 790 (Tenn. Crim. App. 2006).

As to the first prong of the <u>Strickland</u> analysis, "counsel's performance is effective if the advice given or the services rendered are within the range of competence demanded of attorneys in criminal cases." <u>Henley</u>, 960 S.W.2d at 579 (citing <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975)); <u>see also</u> <u>Goad</u>, 938 S.W.2d at 369. In order to prove that counsel was deficient, the petitioner must demonstrate "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." <u>Goad</u>, 938 S.W.2d at 369 (citing <u>Strickland</u>, 466 U.S. at 688); <u>see also</u> <u>Baxter</u>, 523 S.W.2d at 936.

Even if counsel's performance is deficient, the deficiency must have resulted in prejudice to the defense. <u>Goad</u>, 938 S.W.2d at 370. Therefore, under the second prong of the <u>Strickland</u> analysis, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> (quoting <u>Strickland</u>, 466 U.S. at 694) (internal quotation marks omitted).

*a. Trial counsel's failure to request application of the version of Tennessee Code Annotated section 17-1-305 that was in place on March 29, 1996:*

The Petitioner asserts that the pre-May 1996 version of section 17-1-305 applied to his case and that application of the amended statute (1) violated the ex post facto provision of Tennessee and United States Constitutions and (2) violated his right to due process because it allowed a judge who did not personally preside over the trial to rule on the motion for new trial. The Petitioner contends that, had trial counsel raised the issue before the successor judge, the Petitioner would have been granted a new trial pursuant to the pre-May 1996 version of section 17-1-305.

*i. Ex Post Facto Claim*

At the time of the Petitioner's trial and consideration of his motion for new trial Tennessee Code Annotated section 17-1-305 stated that, in the event that the trial judge died after the verdict was reached but before ruling on the motion for new trial, "the trial

judge's successor shall rule on the defendant's motion for new trial after the successor judge has reviewed the transcript and entire record of the trial." Tenn. Code Ann. § 17-1-305 (Supp. 1996); see also Tenn. R. Crim. P. 25(b) (setting forth the circumstance under which a successor judge may preside over a case after a verdict of guilt). Under this rule, when witness credibility is an "overriding" or "primary" issue, the successor judge cannot rule on the motion for new trial because he or she would be unable to make a credibility determination from the written record. State v. Hall, 461 S.W.3d 469, 494 (Tenn. 2015) (quoting State v Biggs, 218 S.W.3d 643, 655 (Tenn. Crim. App. 2006)).

Both the United States and Tennessee Constitutions prohibit ex post facto laws. U.S. Const. Art. I, § 10, cl. 1; Tenn. Const. Art. I, § 11. In order for a law to fall within the prohibition, it "must be retrospective, that is, it must apply to events occurring before its enactment" and "it must disadvantage the offender affected by it." State v. Pike, 978 S.W.2d 904, 925 (Tenn. 1998) (quoting Miller v. Florida, 482 U.S. 423, 430 (1987)) (internal quotation marks omitted). Four types of law are prohibited:

> 1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender.

Rogers v. Tennessee, 532 U.S. 451, 456 (2001) (quoting Calder v. Bull, 3. U.S. 386, 390 (1798) (*seriatim* opinion of Chase, J.)). However, the United States Supreme Court has held that changes in procedural laws are not ex post facto, even if the change works to the disadvantage of a defendant. Dobbert v. Florida, 432 U.S. 282, 293 (1977). Instead, the prohibition of ex post facto laws "was intended to secure substantial personal rights against arbitrary and oppressive legislation . . . and not to limit the legislative control of remedies and modes of procedure which do not affect matters of substance." Id.

In this case, the Petitioner concedes that section 17-1-305 is a procedural rule. Further, the change in Tennessee Code Annotated section 17-1-305 did not affect the nature of conduct for which the Petitioner was convicted, aggravate the crime, change the range of punishment, or alter the evidence needed to convict the Petitioner. Therefore, application of the amended version of Tennessee Code Annotated section 17-1-305 raises no ex post facto concerns.

*ii. Due Process Claim*

The Petitioner also argues that related due process concerns should grant him a new trial pursuant to the pre-May 1996 version of section 17-1-305. As the Petitioner states in his brief, the Petitioner "lost the right to have the facts in his case determined by a person who had witnessed the evidence in court[,] which was guaranteed [by the pre-May 1996 version of section 17-1-305]." The Petitioner asserts that, by applying the amended version of Tennessee Code Annotated section 17-1-305, the successor judge was allowed to speculate on the witnesses' credibility and that application of a procedural law that was not in place at the time of the offense "'is unexpected and indefensible by reference to the law which has been expressed prior to the conduct.'" See Rogers, 992 S.W.2d at 402 (quoting Bouie v. City of Columbia, 378 U.S. 347, 354 (1964)).

In short, the Petitioner appears to argue that he had a due process right to have the same trial judge pass on witness credibility and the weight of the evidence under the thirteenth juror rule. However, we note that the Petitioner presents his argument as a deprivation of his constitutional right to due process. He does not claim that the successor judge violated the thirteenth juror rule when he ruled on the motion for new trial.

The Sixth Circuit Court of Appeals has previously discussed the relation between the prohibition against ex post facto laws and the right to due process:

> The Due Process Clause provides a means by which to challenge a judicial decision on *ex-post-facto* grounds. The Supreme Court has recognized that "limitations on *ex post facto* judicial decisionmaking are inherent in the notion of due process." Rogers, 532 U.S. at 456[ ]. In Bouie v. City of Columbia, the Court held that "[i]f a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, it must not be given retroactive effect." 378 U.S. 347, 354[ ] (1964) (quotation marks and citation omitted). Bouie's expansive language caused many courts, including this one, to conclude that the *Ex Post Facto* and Due Process Clauses were co-extensive. See, e.g., Gall v. Parker, 231 F.3d 265, 305 (6th Cir.2000). Subsequently, the Supreme Court clarified that Bouie was based on "core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." Rogers, 532 U.S. at 459[]; see also United States v. Barton, 455 F.3d 649, 654 (6th Cir. 2006) ("[W]hen addressing ex post facto-type due process concerns, questions of notice, foreseeability, and fair warning are paramount.").

Thus, when examining whether a judicial interpretation of criminal law (either statutory or common-law based) violates these concerns, the relevant consideration is whether that decision is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." Rogers, 532 U.S. at 462, [] (internal quotation marks omitted); Barton, 455 F.3d at 653.

Ruhlman v. Brunsman, 664 F.3d 615, 620 (6th Cir. 2011).

The amendment to Tennessee Code Annotated section 17-1-305 clearly changed a procedural rule and did not implicate the Petitioner's right to notice, foreseeability, and fair warning with respect to his conduct that led to his criminal charges. See Rogers, 532 U.S. at 459. Further, under a federal rule of criminal procedure analogous to the rule at issue in this case, the Eighth Circuit Court of Appeals has stated, "a 'defendant's due process rights are not infringed by the reassignment of a case pursuant to Rule 25(b) following a finding or verdict of guilt.'" United States v. Urgen-Potratz, 470 F.3d 740, 744 (8th Cir. 2006) (quoting United States v. Whitfield, 874 F.2d 591, 593 (8th Cir. 1989)). Additionally, our supreme court has stated "a criminal defendant's right to have the trial court sit as the thirteenth juror is not constitutional in nature." State v. Ellis, 453 S.W.3d 889, 900 (Tenn. 2015). As such, the Petitioner has failed to show that application of the amended version of Tennessee Code Annotated section 17-1-305 violated his due process rights.

The Petitioner has failed to show that trial counsel was deficient for failing to raise an ex post facto or due process claim. Further, the Petitioner has not demonstrated that the alleged deficiency resulted in any prejudice. Therefore, the Petitioner is not entitled to post-conviction relief on this issue.

*b. Trial counsel's failure to object to the successor judge's failure to make a finding on his ability to determine credibility*

The Petitioner appears to argue that "[t]he [successor] judge should have made a finding as to whether he could determine credibility based on the record and transcripts[,]" and trial counsel's failure to object to the lack of such finding was ineffective. However, this issue was not included in the Petition or Amended Petition. Therefore, the Petitioner has waived our consideration of this issue. See Tenn. Code Ann. § 40-30-110(c) ("Proof upon the petitioner's claim or claims for relief shall be limited to evidence of the allegations of fact in the petition"); Cone v. State, 747 S.W.2d 353, 356 (Tenn. Crim. App. 1987) ("An issue raised for the first time on appeal is waived").

*c. Allegations of ineffective assistance of appellate counsel*

The Petitioner asserts that appellate counsel "did not address either the application of [section] 17-1-305 by a faulty finding in the Motion for New Trial, nor the need to apply the version of [Tennessee Code Annotated section] 17-1-305 which was in effect in March 1996." This issue is waived. The Petitioner failed to raise this issue in either the Petition or the Amended Petition. See Tenn. Code Ann. § 40-30-110(c) ("Proof upon the petitioner's claim or claims for relief shall be limited to evidence of the allegations of fact in the petition"); Cone v. State, 747 S.W.2d 353, 356 (Tenn. Crim. App. 1987) ("An issue raised for the first time on appeal is waived").

*Free-Standing Claims*

The Petitioner raises free-standing claims that (1) the successor judge incorrectly determined that credibility was not a factor in ruling on the motion for new trial because the successor judge had to make credibility determinations in his role as the thirteenth juror and (2) that the application of the amended version of Tennessee Code Annotated section 17-1-305 amounted to "an [e]x [p]ost [f]acto violation of his constitutional rights." We have already determined that application of the amended version of Tennessee Code Annotated section 17-1-305 did not violate the prohibition against ex post facto law and did not deprive the Petitioner of his due process rights. Further, these claims are waived because the Petitioner could have raised such claims on direct appeal but failed to do so. See Tenn. Code Ann. § 40-30-106(g).

**Conclusion**

For the aforementioned reasons, the judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE